UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT ANTHONY VON VILLAS, AKA Robert A. Von Villas,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>KATHLEEN ALLISON, Warden, Warden (A) and ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA,<br><br>        Respondents - Appellees. | No. 11-56396<br><br>D.C. No. 2:98-cv-01073-DDP-AJW<br>U.S. District Court for Central California, Los Angeles<br><br>**MANDATE** |
| ROBERT ANTHONY VON VILLAS, AKA Robert A. Von Villas,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>KATHLEEN ALLISON, Warden, Warden (A),<br><br>        Respondent - Appellee. | No. 11-56398<br><br>D.C. No. 2:98-cv-01072-DDP-AJW<br>U.S. District Court for Central California, Los Angeles |



RECEIVED
CLERK, U.S. DISTRICT COURT

9/12/2014

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DLM_____ DEPUTY

    The judgment of this Court, entered July 23, 2014, takes effect this date.

    This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Margoth Turcios
Deputy Clerk

**FILED**

**NOT FOR PUBLICATION**

JUL 23 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT ANTHONY VON VILLAS, AKA Robert A. Von Villas,<br><br>　　　　Petitioner - Appellant,<br><br>　v.<br><br>KATHLEEN ALLISON, Warden, Warden (A) and ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA,<br><br>　　　　Respondents - Appellees. | No. 11-56396<br><br>D.C. No. 2:98-cv-01073-DDP-AJW<br><br><br>MEMORANDUM[*] |
| ROBERT ANTHONY VON VILLAS, AKA Robert A. Von Villas,<br><br>　　　　Petitioner - Appellant,<br><br>　v.<br><br>KATHLEEN ALLISON, Warden, Warden (A),<br><br>　　　　Respondent - Appellee. | No. 11-56398<br><br>D.C. No. 2:98-cv-01072-DDP-AJW |

Appeal from the United States District Court

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted June 16, 2014
Seattle, Washington

Before: REINHARDT and CHRISTEN, Circuit Judges, and SETTLE, District Judge.[**]

Robert Von Villas appeals from the dismissal of his two habeas petitions as untimely. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253. Because the parties are familiar with the facts of this case, we do not recount them here. Exercising de novo review, we affirm.

Uncertified Issue

We lack jurisdiction to review Von Villas's argument that the district court should have stayed proceedings on his 1997 petitions for writ of habeas corpus. The dismissal of Von Villas's 1997 petitions was a voluntary dismissal without prejudice, after which he filed new petitions. *See* Fed. R. Civ. P. 41(a)(2). Von Villas has lost the right to challenge the district court's disposition of the 1997 petitions because he did not object to or appeal these dismissals. The 1998 petitions that are the subject of this appeal constitute entirely new actions. *City of*

---

[**] The Honorable Benjamin H. Settle, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

*S. Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002); *see Slack v. McDaniel*, 529 U.S. 473, 487–88 (2000).

Equitable Tolling

"In this circuit, equitable tolling of the filing deadline for a habeas petition is available only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002) (internal quotation marks omitted). Accepting Von Villas's factual contentions as true, he encountered substantial hurdles to filing timely petitions. Most significantly, he was apparently unaware of the Anti-terrorism and Effective Death Penalty Act (AEDPA) filing deadline until the month of the deadline. But Von Villas was nonetheless able to file two timely petitions in federal court before the AEDPA deadline. He cannot show that any extraordinary circumstances beyond his control were the cause of his late filing. We have suggested that the ability to file even a "basic form habeas petition" before the deadline would defeat a claim for equitable tolling. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009). Therefore, Von Villas is not entitled to equitable tolling.

We recognize the harshness of this outcome in this case, but we are not free to depart from our well-established standard for equitable tolling. In our view, Von Villas's predicament resulted most directly from his legal missteps, starting

3

with his decision not to preserve for appellate review the issue of the district court's refusal to stay proceedings on the 1997 petitions. Of course, it would have been very difficult for Von Villas, representing himself pro se, to avoid these missteps, particularly given the novelty of the AEDPA scheme at the time. But we have held that lack of legal sophistication does not constitute an extraordinary circumstance beyond a petitioner's control. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). We cannot fault Von Villas for filing untimely petitions, but we conclude that he has not met the high burden required for equitable tolling based on extraordinary circumstances.

Nor is Von Villas entitled to equitable tolling because he was affirmatively misled by the district court. As Von Villas notes, this issue is governed by our decision in *Ford v. Pliler*, 590 F.3d 782 (9th Cir. 2009). We understand that Von Villas has raised the issue here to preserve it for further review.

Statutory Tolling

Von Villas is not entitled to statutory tolling because he was not "prevented from filing" timely petitions by a state-created impediment. *See* 28 U.S.C. § 2244(d)(1)(B). This causal standard is functionally equivalent to the "impossibility" standard for equitable tolling. *See Bryant v. Ariz. Att'y Gen.*, 499

4

F.3d 1056, 1060–61 (9th Cir. 2007). Because Von Villas filed timely petitions, he cannot meet the standard for statutory tolling.

**AFFIRMED**.